# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

___

**ROBERT P. KIDD,**

        **Plaintiff,**

        -vs-                                                    Case No.    03-C-461

**GARY R. MCCAUGHTRY,**
**LT. WOJAHN,**
**OFFICER SCHUELER,**
**OFFICER CONSTINE, and**
**OFFICER FEUCHT,**

        **Defendants.**

___

# DECISION AND ORDER

___

      Plaintiff Robert P. Kidd, who is incarcerated at Waupun Correctional Institution, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and paid the $150 filing fee. The Court screened the complaint under 28 U.S.C. § 1915A and identified the plaintiff's Eighth Amendment deliberate indifference to a serious medical need claim. On January 6, 2005, the Court dismissed this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Civil Local Rule 41.3 (E.D. Wis.). On March 22, 2005, the plaintiff filed a motion for reconsideration of the Court's order dismissing this case for failure to prosecute, which will be addressed herein.

      There is no "motion for reconsideration" mentioned in the Federal Rules of Civil

Procedure. There are, however, Rules 59(e) and 60(b). The key factor in determining whether a "substantive" motion is cognizable under Rule 59 or Rule 60 is its timing. *Britton v. Swift Transp. Co., Inc.*, 127 F.3d 616, 618 (7th Cir. 1997). All substantive motions filed within ten days of the entry of judgment are treated as based on Rule 59; all substantive motions filed more than ten days after the entry of judgment are evaluated under Rule 60. *Id.* A "substantive" motion is one "that if granted would result in a substantive alteration in the judgment rather than just in a correction of a clerical error or in a purely procedural order such as one granting an extension of time within which to file something." *Id.* (internal quotation marks and citation omitted).

This motion is properly regarded as a Rule 60 motion since it was filed more than ten days after the entry of judgment. Rule 60(b) enables a court to grant relief from a judgment only under the particular circumstances listed in the rule. *Russell v. Delco Remy Div. Of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Those are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

The Court dismissed this case for failure to prosecute because the plaintiff did not

2

file a response to the defendants' motion for summary judgment. On September 20, 2004, the defendants filed a motion for summary judgment. In a November 3, 2004, order, the Court noted that the plaintiff had not responded to the motion and granted him additional time to November 22, 2004, to file his response. The Court also advised the plaintiff that this action may be dismissed for failure to prosecute if he failed to file a timely response by November 22, 2004. The plaintiff did not file a response and therefore on January 6, 2005, this case was dismissed for failure to prosecute.

> According to the plaintiff,
>
> I responded to every letter I received, I also sent letters to both of you, because I wasn't receiving any type of words dealing with my case! I have papers to show certified mail was sent to the court.
>
> Your honor, I also have to ask for some lenience because of my seizure disorder. Sir, I can start doing something, but have a seizure, then I will forget everything that I was doing. Please give me another chance, I really disagree with this court's order to dismiss my case! Please forgive me if I have done anything wrong, I haven't tried to do anything wrong!

(Pl.'s Mot. for Recon. at 1.)

A case may be dismissed under Federal Rule of Civil Procedure 41(b) for failure to follow an order of the court. *See Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003); *see also Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000) (a plaintiff's failure to respond that delays the litigation can be a basis for a dismissal for lack of prosecution). Dismissal is a harsh sanction and should be used "only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *See Williams v. Chi. Bd.*

3

*of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (per curiam) (citation and internal quotation omitted). No case should be dismissed for failure to prosecute without a warning to the plaintiff, either explicitly or by making clear that no further extensions of time will be granted. *Bolt*, 227 F.3d at 856 (citing *Williams*, 155 F.3d at 853 (7th Cir. 1998)). There is no requirement for district courts to impose graduated sanctions. *Rice v. City of Chicago*, 333 F.3d 780, 785-86 (7th Cir. 2003) (citing *Ball v. City of Chicago*, 2 F.3d 752, 756 (7th Cir. 1993)).

Here, the defendants filed a motion for summary judgment for failure to exhaust administrative remedies and the plaintiff failed to timely respond. The Court gave the plaintiff additional time to respond and also warned him that the case may be dismissed if the plaintiff did not respond by that date. The plaintiff did not respond and this case was dismissed. Moreover, the plaintiff previously did not follow an order of the Court when he failed to respond to a motion to dismiss. With respect to that motion, the plaintiff was given a warning and an extension of time in which to respond. Instead of filing a response, the plaintiff filed a letter indicating that he wanted the case to proceed. The case was not dismissed at that time and the plaintiff was directed to file an amended complaint naming individual defendants involved in his claim.

The plaintiff has not demonstrated that he is entitled to relief under Rule 60. Accordingly, his motion for reconsideration will be denied.

## **ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for reconsideration (Docket #83) is **denied**.

4

Dated at Milwaukee, Wisconsin, this 3rd day of June, 2005.

                                               **SO ORDERED,**

                                               s/ Rudolph T. Randa
                                               **HON. RUDOLPH T. RANDA**
                                               **Chief Judge**